# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIAM D. MORRIS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV408-078 |
| | ) | [underlying CR406-124] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

The Court denied William Morris' § 2255 motion on July 28, 2008.[1] (Doc. 17.) Morris, who pled guilty to bank fraud and mail fraud, refuses to throw in the towel. Instead, he persists in his efforts to establish that he is undeserving of punishment. In his unflagging attempts at shifting blame to others, he has filed eighteen more motions and an affidavit in this closed case. His allegations can be organized into two categories. First, Morris seeks reconsideration of the Court's denial of his § 2255

---

[1] In the § 2255 motion, he argued that certain of his business associates were the true villains who should be held responsible for any losses to the alleged victims of his crimes and that the district judge was unjustly prejudiced against him. (Docs. 1 & 3.)

motion. (Docs. 20, 22, 23, 25, 27, 29, 30, 32, 33, 36, 37, 39, 42, 43, 46, 47, 48.) Second, he asks the judge who ruled on his § 2255 motion to recuse himself as biased pursuant to 28 U.S.C. § 455 and requests that the Assistant U.S. Attorney ("AUSA") who handled these proceedings be charged with perjury.[2] (Docs. 20, 24, 43, 44, 45.) The government has responded in opposition to these motions. (Docs. 21, 26, 28, 29, 41.)

I. **RELITIGATING § 2255 MOTION**

Morris seeks to relitigate issues decided adversely to him during his § 2255 proceedings. He styles his filings as motions to amend a judgment under Rule 59 of the Federal Rules of Civil Procedure.[3] (Docs. 20, 22, 25, 27, 29, 30, 32, 33, 36, 37, 39, 43, 46, 47, 48.) These motions should be construed as another attempt at § 2255 relief and must be denied as successive.

---

[2] Morris also asks for relief pursuant to 28 U.S.C. §§ 753 & 2247. (Doc. 20.) Neither of those statutes have any application in this case. Section 753 provides the system for appointing and managing court reporters. Section 2247 simply states that trial transcripts are admissible evidence in habeas cases.

[3] In addition to the Rule 59(e) motions, Morris seeks leave to amend his initial § 2255 motion. (Doc. 27.) That motion is clearly untimely and is **DENIED**.

2

In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court held that in § 2254 proceedings, a Rule 60(b) motion "seek[ing] to add a new ground for relief" or "attack[ing] the federal court's previous resolution of a claim *on the merits*" is deemed a de facto successive habeas petition. Id. at 532 (emphasis in original).[4] The Eleventh Circuit has indicated that Gonzalez applies in § 2255 proceedings. United States v. Terrell, 141 F. App'x 849, 850 (11th Cir. 2005) ("Although Gonzalez addressed a Rule 60(b) motion and decided the issue only under § 2254 . . . we believe that its holding and rationale apply equally to § 2255."). And the vast majority of circuits that have reached the issue have held that Rule 59(e) motions attacking the merits of a court's habeas judgment should also be deemed successive motions. United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006) (applying Gonzalez to Rule 59 motions); William v. Norris, 461 F.3d 999, 1004 (8th Cir. 2006) (same); United States v.

---

[4] The Court goes on to say "[t]hat is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez, 545 U.S. at 532. Here, Morris' claims are a bit disorganized. For the most part, they attack this Court's judgment of the merits of his § 2255 motion. His allegations of bias, however, allege a "defect in the integrity of the federal habeas proceedings." Accordingly, those allegations are addressed in the next section.

3

Martin, 132 F. App'x 450, 451 (4th Cir. 2005) (per curiam) (same); but see Howard v. United States, 533 F.3d 472, 476 (6th Cir. 2008) (holding the Gonzalez rule construing Rule 60 motions as second petitions should not be applied under Rule 59).[5] Following the great weight of authority, the Court is convinced that Morris' motions should be construed as a successive § 2255 motion.[6]

Under 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application permitted by [§ 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See 28 U.S.C. § 2255 (cross-referencing § 2244 certification requirement). The Seventh Circuit has held that this provision "is an allocation of subject-matter

---

[5] Although Morris styles several of his motions as motions for summary judgment, it is clear that he is seeking summary judgment on "undisputed" elements of his Rule 59 claim. For instance, the first summary judgment motion is entitled "petitioner's motion to amend the 59(e) motion and request that this court enter an order for summary judgment." (Doc. 30.) He asserts that because certain evidence is "undisputed," he is entitled to summary judgment on his Rule 59(e) claim. (Id.) The second, third, fourth, and fifth "motions for summary judgment" are in keeping with this trend. (Docs. 32, 33, 37, 39.) Additionally, his motion for reduction in sentence is simply a recitation of facts that he alleges support his Rule 59 claims. (Doc. 29.)

[6] Even if Rule 59(e) motions in § 2255 proceedings should not be deemed successive § 2255 motions, Morris' motions should not be granted in this case. Although Morris has provided new argument and several affidavits, the Court sees no reason to alter the judgment. Consequently, the motions should be **DENIED**.

jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding district court lacked jurisdiction to consider second habeas petition); In re Medina, 109 F.3d 1556, 1561 (11th Cir. 1997) (holding district court properly denied successive petition because movant neglected to obtain certificate from federal appellate court authorizing consideration of motion).

Because Morris has already filed a motion under § 2255 and has failed to provide certification from the Eleventh Circuit authorizing this Court to consider this motion, this Court is without jurisdiction to consider his renewed § 2255 motion at this time. Accordingly, the motion should be **DISMISSED** as successive.

## II. RECUSAL OF THE DISTRICT JUDGE AND PERJURY BY THE AUSA

Morris repeatedly asserts that the district judge should recuse himself from this case. (Docs. 3, 10, 20, 23, 43, 44, 45.) He raises two arguments to show the judge's "corruption" and bias. First, he points to the sentences of three of his fellow inmates who were sentenced by the same district judge. Morris alleges that he was sentenced more harshly than they were because the judge was biased in their favor.[7] Second, he points to the district judge's speedy adoption of this Court's Report and Recommendation ("R&R") denying § 2255 relief. He believes that the quick adoption further demonstrates that the judge refuses to give him a fair shake. In addition to his allegations of court bias, Morris contends that the AUSA handling his § 2255 motion has perjured herself to hide this alleged judicial misconduct. (Docs. 24 & 43.)

While incarcerated, Morris met Gary Frawley, Mark Lynn, and John Miles. It seems that the three inmates told him exactly what he wanted to hear. Frawley told Morris that he was sentenced at the bottom end of

---

[7] In addition, Morris alleges that the district judge is specifically biased against him because "Morris exposed Judge Larry Dillon, a democrat and local Savannah Judge, that Morris exposed because of illicit sexual behavior, judicial misconduct, and signing illegal warrants and then destroying them to hide the evidence." (Doc. 45.) He provides no evidence in support of this allegation.

the sentencing guidelines range because the judge in question was a friend of his grandfather. (Doc. 3, 10, 20, 23, 43.) Specifically, Morris states that at "Frawley's sentencing, [the district judge] gave Frawley the high end of the guideline, then stopped, asked Frawley who his grandfather was, and then after Frawley answered with the correct answer [the judge] reduced his sentence by 15%." (Doc. 23 at 1.)[8] As noted by this Court in its R&R denying § 2255 relief, Morris is mistaken. (Doc. 12.) The Court listened to the recording of Frawley's sentencing proceeding. The district judge simply stated that he decided to lower Frawley's sentence because he saw that Frawley had waived his right to appeal.[9] Absent any indication of bias on the record, the Court gives no weight to Morris' allegation.

---

[8] Morris mistakenly refers to this as a "motion for downward departure." In fact, it is simply factual support for his claims of judicial partiality.

[9] In keeping with his victim mentality, Morris contends that this Court's consideration of the Frawley case reveals that it is involved in a conspiracy with the district judge to "cover up" this alleged indiscretion. (Doc. 20 at 2.) In support, Morris notes that there is no transcript of the Frawley sentencing, which he believes reveals that the Court is attempting to hide the damning evidence contained therein. (Id.) The allegation is absurd. Court reporters generally prepare sentencing transcripts only when a criminal action has been appealed or when requested by a judge or defendant. Frawley waived his appeal and never requested a transcript of his sentencing proceeding, so no transcript was prepared. United States v. Frawley, No. CR606-022 (S.D. Ga. Apr. 19, 2007).

Morris has come forward with similar allegations regarding the sentencings of Mark Lynn and John Miles. (Docs. 23 & 45.) He alleges that the district judge sentenced Lynn at the lower end of the guidelines because Lynn is close friends with the judge's personal assistant. He alleges that Miles was sentenced at the lower end of the guidelines range because he is the judge's blood cousin. (Doc. 45.) He provides no evidence supporting his speculations, aside from the forms he had the inmates complete,[10] and there is no support for this accusation in the record. United States v. Lynn, No. CR407-380 (S.D. Ga. June 30, 2008); United States v. Miles, No. CR608-002 (S.D. Ga. July 29, 2008).

Morris next contends that the district judge adopted this Court's R&R within minutes of receiving it, which establishes that the judge did not review it and further demonstrates the Court's bias against him. (Docs. 20, 24, 45.) His reasoning is as follows:

(a)    The R&R was entered on July 11, 2008;

---

[10] Morris includes several sentencing comparison forms which he prepared and provided to other inmates. (Doc. 45.) When he receives what he believes to be favorable feedback on those forms, he forwards them to the Court with new accusations of misconduct. His grass-roots campaign to discredit the judge is quite well organized, though misguided.

8

(b) it was accompanied by an order directing service of the R&R, which stated that "[t]he Clerk shall submit this Report and Recommendation together with any objections to the . . . District Judge[] on July 26, 2008" (Doc. 13);

(c) July 26, 2008 was a Saturday, so the earliest that the district judge could have received the R&R for review was on Monday July 28, 2008;

(d) the R&R was adopted on the morning of July 28, 2008 (Morris states it was signed at 9 a.m., but the electronic docket reflects that it was entered at 10:14 a.m.), so the district judge did not perform the required de novo review of the R&R (Docs. 20, 21, 24); and

(e) the failure to review the R&R shows that the judge is biased against him.

Although Morris' argument is coherent (if fanciful), it does not reflect the reality of this Court's procedures. The Court relies heavily upon electronic case management. As soon as an order or R&R is entered, it is posted to the electronic docket sheet. The district judge is notified that this Court has entered an R&R almost immediately after it is signed, and the entire R&R is instantly available for download and review. Consequently, the judge had access to the R&R for the seventeen days preceding its adoption. The judge also would have seen Morris' objections, which were received at 3:02 p.m. on July 24, 2008, well before

the adopting order was entered. (Doc. 16.) Far from showing the haste or bias that Morris alleges, the electronic record reveals that the Court operates efficiently and effectively. His claim of bias is unfounded, as is his allegation that the Assistant United States Attorney has perjured herself in order to cover up the district judge's alleged indiscretions.[11] (Doc. 24.) Consequently, his motions seeking recusal of the district judge and prosecution of the AUSA should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this  18th  day of September, 2008.

_/s/ JVC Smitt_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[11] The AUSA assigned to the case responded to Morris' allegations by noting that the district judge entered a second order permitting Morris to amend his objections to the R&R on August 6, 2008. (Doc. 21.) Morris correctly notes that the order was actually entered on July 29, 2008. (Doc. 24.) He contends that the AUSA intentionally lied by misstating the date. (Id.) Looking at the electronic docket sheet, it simply appears that she mistakenly read the date from the line directly below the entry of the district judge's order.