IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:06-cr-124 |
| WILLIAM D. MORRIS, | |
| Defendant. | |

**O R D E R**

This matter is before the Court on Defendant William D. Morris's Restitution Motion, (doc. 251), and Motion to Reconsider and Explain Facts Regarding Restitution, (doc. 255). In these Motions, Defendant asks the Court to apply funds that he contends he is owed by the United States Securities and Exchange Commission ("SEC") to his restitution debt. (Docs. 251, 255.) Defendant asserts that he provided information regarding a fraudulent scheme carried out by other individuals which resulted in those individuals paying millions of dollars to the SEC in settlements and fines. (Id.) Defendant contends that he is owed a significant portion of the SEC's recovery under the SEC's "whistleblower program." (Id.) He requests that the Court "back date [*sic*] interest on the Whistle Blower [*sic*] funds to compensate delay in payment, payoff the [Defendant's] restitution and have the Clerk of Courts pay [Defendant] the balance!" (Doc. 251, p. 2.) He also requests that the Court require the United States to "return Jessica Morris her income tax money." (Id.)

The United States responded to Morris's Restitution Motion. (Doc. 254.) Therein, it explained that it had conferred with Morris regarding his claims of a whistleblower award from the SEC and that it investigated the matter with no success. (Id. at p. 2.) As for the "income tax

money," Morris complains of, the United States intercepted Morris's $9,808.00 income tax refund and applied it to his restitution amount. (Doc. 254-2 p. 3.) The United States explained to Defendant that to the extent he claims that the refund was property of his wife, Jessica Morris, she may apply for relief as an "injured spouse." (Doc. 254, p. 1.)

The essence of Morris's motions is that he wants this Court to order the SEC to pay him what he contends he is due for serving as a whistleblower. While Morris does not cite the statute which he contends entitles him to an award from the SEC, it appears he is relying on 15 U.S.C.A. § 78u-6(b) which provides for awards to individuals "who voluntarily provided original information to the Commission that led to the successful enforcement of the covered judicial or administrative action, or related action." The statute goes on to provide,

> Any determination made under this section, including whether, to whom, or in what amount to make awards, shall be in the discretion of the Commission. Any such determination, except the determination of the amount of an award if the award was made in accordance with subsection (b), may be appealed to the appropriate court of appeals of the United States not more than 30 days after the determination is issued by the Commission.

15 U.S.C.A. § 78u-6(f). "In consequence, this Court lacks subject matter jurisdiction to determine any claim that is contingent on the conclusion that Plaintiff was in fact a whistleblower under Dodd–Frank." Regnante v. Sec. & Exch. Offs., 134 F. Supp. 3d 749, 761 (S.D.N.Y. 2015) (holding that court lacked subject matter jurisdiction over plaintiff's claim for a whistleblower award from SEC). While Morris cites a federal regulation regarding offset, 31 C.F.R. § 285.5, that regulation only provides procedures through with the Department of Treasury may withhold a debtor's federal payment to satisfy the debtor's delinquent debt owed to the government. The regulation does not create a private cause of action for the debtor to establish the federal payment in the first instance. Thus, even assuming the validity of Morris' factual statements contained within his motions, his restitution obligation does not provide the Court with authority to mandate the SEC

to provide him a whistleblower award. Thus, the Court lacks jurisdiction to grant him the relief he seeks.

As for Morris's request that the Court order the United States to "return Jessica Morris her income tax money", (doc. 251, p. 2), even if the Court has jurisdiction to entertain such a request, Morris has failed to present any evidence regarding this claim including evidence that the money withheld was Jessica Morris's and not Defendant's. Further, the United States has explained to Defendant that his spouse has an administrative remedy to address this issue. Moreover, even if Jessica Morris had properly pursued that remedy and had some cause of action as an injured spouse, Mrs. Morris, not Defendant, would have standing to bring that claim. See Ruscitto v. United States, 629 F. App'x 429, 431 (3d Cir. 2015) (analyzing wife's injured spouse claim as claim of wife and assessing what evidence she presented as to her independent contribution to any tax overpayment).

For all these reasons, the Court **DENIES** Defendant William D. Morris's Restitution Motion, (doc. 251), and Motion to Reconsider and Explain Facts Regarding Restitution, (doc. 255).

**SO ORDERED**, this 10th day of September, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA